UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL RICHISON,                     )    CASE NO. C07-1196-MAT
                                     )
        Plaintiff,                   )
                                     )
    v.                               )    ORDER RE: PROPOSED
                                     )    STIPULATED PROTECTIVE ORDER
INTERSTATE BRANDS CORPORATION,       )
                                     )
        Defendant.                   )
_____)

The Court declines to sign the proposed stipulated protective order (Dkt. 14) as submitted. The Court will not sign stipulated protective orders to authorize documents to be filed under seal simply based on the fact that they were marked by the parties as confidential in the course of discovery. "There is a strong presumption of public access to the court's files and records which may be overcome only on a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting files, records, or documents from public review." Local Rule CR 5(g)(1).

In this case, the parties did identify three categories of information which the Court finds

ORDER RE: PROPOSED
STIPULATED PROTECTIVE ORDER
PAGE -1

01  would warrant the filing of a document under seal: (1) plaintiff Daniel Richison's medical records;

02  (2) personnel records of any employee or former employee of defendant; and (3) defendant's

03  records containing trade secret information.   However, general references to "proprietary"

04  information and "any information subject to a legally protected right of privacy[]" does not

05  support a compelling showing that the public and the parties' interests in protecting such

06  documents from public review outweigh the public's right of access.

07      Accordingly, for any documents outside of the three specific categories outlined above,

08  parties seeking an order to seal any documents must provide a specific description of particular

09  documents or categories of documents they seek to protect and "*a clear statement of the facts*

10  *justifying a seal and overcoming the strong presumption in favor of public access.*"   Local Rule

11  CR 5(g)(2) (emphasis added).   The facts supporting any motion to seal must be provided by

12  declaration or affidavit.   To obtain a court order sealing documents attached to a non-dispositive

13  motion, the parties must make a particularized showing under the "good cause" standard of FED.

14  R. CIV. P. 26(c).   *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir.

15  2006).   To obtain a court order sealing documents attached to a dispositive motion, such as a

16  summary judgment motion, the parties must meet a "compelling reasons" standard and not the

17  lesser "good cause" standard.   *Id.* at 1177-79; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d

18  1122, 1136 (9th Cir. 2003).

19      The parties may agree on confidentiality among themselves, but when they ask that the

20  Court be involved, they must make the requisite showing.   The stipulated protective order received

21  by the Court will remain on the docket, but will not be signed and entered by the Court in its

22  present form.

ORDER RE: PROPOSED
STIPULATED PROTECTIVE ORDER
PAGE -2

01          The Clerk is directed to send a copy of this Order to all counsel of record.

02          DATED this 28th day of September, 2007.

03

04                                          Mary Alice Theiler
                                            United States Magistrate Judge

05

ORDER RE: PROPOSED
STIPULATED PROTECTIVE ORDER
PAGE -3